IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 8:19-po-07791-TMD** |
| **v.** | * | |
| | * | |
| | * | |
| **IFEANYI AGBODIKE,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| ************ | | |

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on Defendant's *pro se* petition to expunge his criminal conviction for speeding, in violation of 36 C.F.R. § 4.21(c). No hearing is necessary. L.R. 105.6.

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014). "The term 'ancillary jurisdiction' refers to the court's power to hear claims that are closely linked to other claims over which the court's jurisdiction is otherwise secure." *United States v. Wahi*, 850 F.3d 296, 300 (7th Cir. 2017). "'Ancillary' jurisdiction applies to related *proceedings* that are technically separate from the initial case that invoked federal subject-matter jurisdiction." *United States v. Mettetal*, 714 F. App'x 230, 233 n.1 (4th Cir. 2017) (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function

successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*McKnight*, 33 F. Supp. 3d at 580 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)); *see Mettetal*, 714 F. App'x at 234.

Neither circumstance applies to petitions for equitable expungement, however. *Mettetal*, 714 F. App'x at 235. First, "a request for equitable expungement is not factually dependent on the underlying criminal case in any sense that matters. Instead, it will always turn on facts collateral to or arising after the case is over—in short, matters external to the criminal case itself." *Wahi*, 850 F.3d at 302. Thus, the facts underlying Defendant's conviction are not interdependent with any equitable circumstances that he may claim justify expungement. *See Mettetal*, 714 F. App'x at 235 ("Here, the reasons Mettetal gives to support his petition for equitable expungement [of his criminal record of his arrest and overturned convictions] are that he has not run afoul of the law since he was arrested in 1995 and that his criminal record has had adverse professional and personal consequences. These matters, however, arose after he was arrested and involve facts quite separate and distinct from the criminal proceedings themselves. As such, Mettetal's petition is not 'interdependent' with anything that was properly before the federal court. It therefore 'requires its own basis for jurisdiction.'" (quoting *Kokkonen*, 511 U.S. at 378)); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016).

Second, "the power to expunge judicial records on equitable grounds is not incidental to the court's ability to function successfully *as a court*. Equitable expungement is not needed to enable the court to 'manage its proceedings' for the simple reason that the criminal proceedings are over." *Wahi*, 850 F.3d at 302 (citing *Kokkonen*, 511 U.S. at 380). "Nor is expungement authority needed to enable the court to 'vindicate its authority' or 'effectuate its decrees.'" *Id.* (citing same). Moreover, "[e]quitable considerations which arise after the termination of court

proceedings do not operate to vitiate decrees that went into effect years earlier." *Mettetal*, 714 F. App'x at 235; *see Doe*, 833 F.3d at 198. Thus, *Kokkonen*'s second prong is not satisfied.

In short, "ancillary jurisdiction does *not* include a general equitable power to expunge judicial records in a criminal case." *Wahi*, 850 F.3d at 302-03; *see Mettetal*, 714 F. App'x at 235. Defendant's *pro se* petition to expunge his criminal conviction is, therefore, **DISMISSED** for lack of jurisdiction.

Date: October 5, 2021                                    /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge